EXHIBIT A

# EXHIBIT A

1 | MICHELLE A. CHIONGSON (SBN 221740)
michelleac@balboacapital.com
2 | MARISA D. POULOS (SBN 197904)
marisa.poulos@balboacapital.com
3 | **BALBOA CAPITAL CORPORATION**
575 Anton Boulevard, 12th Floor
4 | Costa Mesa, California 92626
Tel:  (949) 399-6303
5

6 | Attorneys for Plaintiff
BALBOA CAPITAL CORPORATION
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/04/2019** at 02:32:02 PM

Clerk of the Superior Court
By Lourdes Mora,Deputy Clerk

8 | ### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

9 | ### CENTRAL JUSTICE CENTER

10

| | |
|---|---|
| BALBOA CAPITAL CORPORATION, a California corporation | CASE NO.: 30-2019-01048985-CU-CO-CJC |
| Plaintiff, | Judge Melissa R. McCormick |
| vs. | **PLAINTIFF BALBOA CAPITAL CORPORATION'S COMPLAINT FOR:** |
| DEKALB OB/GYN AFFILIATES L.L.C., a Georgia limited liability company; SHIRLEY RIGAUD-ECHOLS, an individual; and DOES 1 through 10, inclusive, | 1. **BREACH OF EQUIPMENT FINANCING AGREEMENT;** <br> 2. **RECOVERY OF POSSESSION OF PERSONAL PROPERTY;** <br> 3. **BREACH OF GUARANTY; AND** |
| Defendants. | 4. **INDEBTEDNESS** |
| | Amount sought is no less than $193,685.99 |

19 | Plaintiff BALBOA CAPITAL CORPORATION alleges as follows:

20 | ### PRELIMINARY ALLEGATIONS

21 | 1.      Plaintiff BALBOA CAPITAL CORPORATION (hereinafter referred to as

22 | "BALBOA") is, and at all times herein mentioned was, a corporation duly organized and existing

23 | under and by virtue of the laws of the State of California, with its principal place of business in

24 | the City of Costa Mesa, County of Orange, State of California.

25 | 2.      BALBOA is informed and believes, and thereon alleges, that Defendant DEKALB

26 | OB/GYN AFFILIATES L.L.C., a Georgia limited liability company (hereinafter referred to as

27 | "Defendant DEKALB OB/GYN") is, and at all times mentioned herein was, a Georgia limited

28 | liability company doing business in the County of DeKalb, State of Georgia.

1

3.    BALBOA is informed and believes, and thereon alleges, that Defendant SHIRLEY RIGAUD-ECHOLS, an individual (hereinafter referred to as "Defendant GUARANTOR") is, and at all times herein mentioned was, an individual residing and doing business in the County of DeKalb, State of Georgia.

4.    BALBOA is informed and believes, and thereon alleges, that Defendant GUARANTOR is an officer, director, shareholder, agent and/or owner of Defendant DEKALB OB/GYN.

5.    The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to BALBOA which, therefore, sues said Defendants by such fictitious names and BALBOA will amend this Complaint to show their true names and capacities when the same have been ascertained.

6.    BALBOA is informed and believes, and thereon alleges, that each of the fictitiously-named Defendants are liable to BALBOA as hereinafter alleged, and that BALBOA's rights against such fictitiously-named Defendants arise from such liability.

7.    At all times mentioned herein, Defendants were the agents, servants and employees of their Co-Defendants and, in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees, with the permission and consent of their Co-Defendants.

8.    The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California *Civil Code* Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California *Civil Code* Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

9.    Pursuant to the Equipment Financing Agreement and Guaranty described herein below, Defendant DEKALB OB/GYN and Defendant GUARANTOR agreed that the Equipment Financing Agreement would be governed by the laws of the State of California and consented to jurisdiction in the County of Orange. The Equipment Financing Agreement provides, in pertinent part, as follows:

2

1  General. This EFA shall be governed and construed under the laws
2  of the State of California without reference to its principle of
   conflicts of laws and is deemed to have been made and performed
3  in Orange County, CA. You submit to the jurisdiction of CA and
   agree that the CA state courts and/or the United States District
4  Court for the Central District of California, Santa Ana Division,
   shall have exclusive jurisdiction over any action or proceeding to
5  enforce this EFA or any action or proceeding arising out of this
   EFA. You waive any objection based on improper venue and/or
6  forum non-conveniens.

7  **FIRST CAUSE OF ACTION**

8  (Breach of Equipment Financing Agreement Against Defendant DEKALB OB/GYN)

9      10.    BALBOA incorporates Paragraphs 1 through 9, inclusive, of the Preliminary

10  Allegations herein as though set forth in full.

11      11.    On or about May 31, 2018, BALBOA executed and delivered to Defendant

12  DEKALB OB/GYN a certain written Equipment Financing Agreement No. 273515-000

13  (hereinafter referred to as the "EFA"), under the terms of which BALBOA loaned Defendant

14  DEKALB OB/GYN the principal sum of one hundred fifty-seven thousand one hundred and

15  forty dollars ($157,140.00) in order to finance equipment for its business (the "Collateral"). The

16  EFA required Defendant DEKALB OB/GYN to make six (6) initial monthly payments of $99.00

17  and sixty (60) monthly payments of $3,399.73, payable on the tenth day of each month,

18  beginning July 10, 2018. A true and correct copy of the EFA is attached hereto as Exhibit "1" and

19  incorporated herein by reference.

20      12.    The last payment received by BALBOA was credited toward the monthly payment

21  due for December 10, 2018. Therefore, on or about January 10, 2019, Defendant DEKALB

22  OB/GYN breached the EFA by failing to make the monthly payment due on that date and,

23  therefore, is due for the January 10, 2019 monthly payment. As of the date of the filing of

24  BALBOA's Complaint, there became due the sum of $3,399.73. Defendant DEKALB

25  OB/GYN's failure to make timely payments is a default under the terms of the EFA.

26      13.    In accordance with the EFA, and as a proximate result of Defendant DEKALB

27  OB/GYN's default thereunder, BALBOA declared the entire balance of the payments under the

28  EFA to be immediately due and payable to BALBOA. In addition, pursuant to the EFA,

3

BALBOA is entitled to recover all accelerated payments due under the EFA, discounted to their present value at the discount rate of three percent (3%). Therefore, there became due the sum of $186,741.96. These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendant DEKALB OB/GYN.

14.     The terms of the EFA require Defendant DEKALB OB/GYN pay Prorated Rent. Accordingly, pursuant to the EFA, Defendant DEKALB OB/GYN is liable to BALBOA for prorated rent in the amount of $2.996.34.

15.     Additionally, the terms of the EFA require Defendant DEKALB OB/GYN pay UCC fees. Therefore, Defendant DEKALB OB/GYN is liable to BALBOA for UCC fee in the amount of $79.00.

16.     The terms of the EFA further provide that Defendant DEKALB OB/GYN is liable to BALBOA for any insurance required on the personal property. Insurance fees in the sum of $468.96 are now due and owing.

17.     BALBOA has performed all of the terms, conditions, and covenants required to be performed by BALBOA under the terms of the EFA, except as excused or prevented by the conduct of Defendant DEKALB OB/GYN.

18.     As a proximate result of Defendant DEKALB OB/GYN's breach of the EFA, BALBOA has been damaged in the total sum of $193,685.99, plus interest at the rate of ten percent (10%) per annum from January 10, 2019 until the entry of judgment herein.

19.     Under the terms of the EFA, Defendant DEKALB OB/GYN promised to pay all costs, including reasonable attorneys' fees, incurred by BALBOA in the enforcement of the EFA. Therefore, BALBOA requests the Court award BALBOA its reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

(Recovery of Possession of Personal Property Against All Defendants)

20.     BALBOA incorporates Paragraphs 1 through 19, inclusive, of the Complaint herein as though set forth in full.

21. Following a default thereunder, the terms of the EFA provide that BALBOA is entitled to recover immediate possession of the Collateral for disposition under the terms of the EFA.

22. Although BALBOA has demanded that Defendant DEKALB OB/GYN and Defendant GUARANTOR surrender possession of the Collateral, Defendant DEKALB OB/GYN and Defendant GUARANTOR continue to withhold possession of the Collateral in violation of BALBOA's right to possession. This Complaint, in addition to previous demands, shall constitute demand upon Defendant DEKALB OB/GYN and Defendant GUARANTOR to surrender possession of the Collateral to BALBOA.

23. BALBOA is entitled to a judgment for possession of the Collateral and an order that BALBOA may, thereafter, in accordance with applicable state law, sell the remaining Collateral and apply the net proceeds from the sale to the loan balance. Alternatively, if possession cannot be had, BALBOA is entitled to recover the value of the Collateral from Defendant DEKALB OB/GYN and Defendant GUARANTOR.

## THIRD CAUSE OF ACTION

### (Breach of Guaranty Against Defendant GUARANTOR)

24. BALBOA incorporates Paragraphs 1 through 23, inclusive, of the Complaint herein as though set forth in full.

25. Concurrent with the execution of the EFA, and in order to induce BALBOA to enter into the EFA with Defendant DEKALB OB/GYN, Defendant GUARANTOR guaranteed, in writing, the payment of the then existing and future indebtedness due and owing to BALBOA under the terms of the EFA. A true and correct copy of the written Personal Guaranty (hereinafter referred to as the "Guaranty") is attached hereto as Exhibit "1" and incorporated herein by reference.

26. Following a default by Defendant DEKALB OB/GYN under the terms of the EFA, BALBOA demanded Defendant GUARANTOR make the payments required under the EFA.

27.     Pursuant to the terms of the Guaranty, the sum of $193,685.99, plus interest at the rate of ten percent (10%) per annum from January 10, 2019 is due and payable to BALBOA from Defendant GUARANTOR. This Complaint, in addition to previous demands, shall constitute demand upon Defendant GUARANTOR to pay the entire indebtedness due and owing from Defendant DEKALB OB/GYN to BALBOA under the terms of the EFA.

28.     Under the terms of the Guaranty, Defendant GUARANTOR promised to pay all costs, including reasonable attorneys' fees, incurred by BALBOA in the enforcement of the EFA and the Guaranty. Therefore, BALBOA requests the Court award BALBOA its reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION

(Indebtedness Against All Defendants)

29.     BALBOA incorporates Paragraphs 1 through 28, inclusive, of the Complaint herein as though set forth in full.

30.     Defendant DEKALB OB/GYN and Defendant GUARANTOR are indebted to BALBOA in the sum of $193,685.99, plus interest at the rate of ten percent (10%) per annum from January 10, 2019.

WHEREFORE, BALBOA prays for Judgment against Defendants, and each of them, as follows:

### AS TO THE FIRST AND THIRD CAUSES OF ACTION

1.     For the total sum of $193,685.99, plus interest at the rate of ten percent (10%) per annum from January 10, 2019;

2.     For other charges and fees in an amount to be proven at trial; and

3.     For reasonable attorneys' fees and costs.

### AS TO THE SECOND CAUSE OF ACTION

4.     For an order to recover possession of the Collateral which is the subject of the EFA or, if the Collateral cannot be delivered, for its reasonable value according to proof.

## AS TO THE FOURTH CAUSE OF ACTION

5.  For the principal sum of $193,685.99, plus interest at the rate of ten percent (10%) per annum from January 10, 2019.

## AS TO ALL CAUSES OF ACTION

6.  For costs of suit incurred herein; and

7.  For such other and further relief as the Court may deem just and proper.

BALBOA CAPITAL CORPORATION

Dated: February \_\_\_, 2019

By: _____
MICHELLE A. CHIONGSON
MARISA D. POULOS
Attorney for Plaintiff
BALBOA CAPITAL CORPORATION

EQUIPMENT FINANCE AGREEMENT

**Agreement No. 273515-000**

| | | |
|---|---|---|
| DEBTOR ("you" or "your"): **Dekalb OB/GYN Affiliates L.L.C.** | | TERM: **66** |
| ADDRESS: **2675 N. Decatur Rd Ste 607 Decatur, GA 30033** | EQUIPMENT LOCATION ADDRESS: **(if different than billing address of Debtor)** | PAYMENT SCHEDULE: **1-6@$99.00;7-66@$3,399.73** |

**COLLATERAL:** Items of personal property as generally described herein which Balboa Capital Corporation and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request

**Number of Advances:** 1 **applied as:** 1 **First** 0 **Last** 0 **First and Last Security Deposit:** 0.00
**Documentation Fee:** 350.00 **Total due in Advance (advance plus doc fee):** $449.00

PERSONAL PROPERTY DESCRIPTION:
See Invoices attached hereto as Exhibit A1 and incorporated herein by this reference

**Agreement.** Balboa Capital Corporation ("Creditor", "we", "us", or "our") agrees to lend to Debtor and you agree to borrow from us an amount for the financing of the Collateral. You authorize us to pay the supplier(s) for the collateral and acknowledge delivery and acceptance of the collateral. You authorize us to commence this agreement. Amounts received by us under this Equipment Finance Agreement ("EFA") shall be applied as we determine. Debtor promises to pay to Creditor the Payments set forth above. Payments may be adjusted upward or downward no more than ten percent (10%) to reflect actual costs. The first Payment is due at the commencement of Creditor's applicable billing cycle as specified by Creditor, each subsequent Payment is due on the same date of each preceding month until all Payments have been received by Creditor. Each date a Payment is due is a "Due Date" and along with the Payment due on the first Due Date, Debtor agrees to pay us prorated rent for an amount equal to 1/30th of the Payment amount for each day calculated from the date Creditor paid the vendor until the first Due Date. Any amount not paid when due is subject to a late charge of the lower of 10% of such amount or the highest amount allowed by law.

**Grant of Security Interest.** You hereby grant to us a security interest in the Collateral and all proceeds to secure all of your obligations under this EFA.

**Disclaimer of Warranties and Claims.** We make no representation or warranty to any matter whatsoever including the merchantability or fitness for a particular purpose of the Collateral. This EFA is irrevocable. Your obligation to pay all amounts payable hereunder is non-cancellable, absolute, and unconditional and will not be subject to any reduction, setoff, defense, counterclaim, deferment or recoupment for any reason, **even if the Collateral is damaged, destroyed or defective.** You acknowledge you selected the Collateral and the supplier and your supplier is not our agent nor are we their agent. You acknowledge that no one, including the supplier, has been authorized to waive or change any term or condition of this EFA. No representation by the supplier as to any matter shall bind us or affect your duty to pay all amounts and perform all obligations hereunder. You will use the Collateral for commercial purposes only, in compliance with the law and not for any personal, family or household use.

**Collateral.** You will not modify or change location of the Collateral without our proper consent and allow us to inspect it upon our request. At your expense you will maintain the Collateral in good operation condition and repair. You will keep the Collateral free and clear from all liens and encumbrances. Titled Collateral will be titled and/or registered as we direct. You are responsible for any damage or destruction of the Collateral. You will at our election repair the Collateral at your expense or pay to us all amounts then due and owing plus the total of all unpaid Payments for the Term discounted at 3%. You will indemnify and hold us, our member, managers and employees harmless from and against any claims, costs, expenses, damages and liabilities, in any way relating to the Collateral.

**Fees and Taxes.** You agree to pay when due and to hold us harmless from all taxes, interest and penalties relating to this EFA and the Collateral ("Taxes") and reimburse us for those Taxes we pay on your behalf. If we pay any of the above for you, you agree to reimburse us and to pay us a processing fee for each payment we make on your behalf. In addition, you also agree to pay us any filing fees prescribed by the Uniform Commercial Code or other law and reimburse us for all costs and expenses involved in documenting and servicing this transaction. You further agree to pay us an origination fee on or before the date the first payment is due and a termination fee. You also acknowledge that in addition to the other obligations due under this EFA, we may assess and you may be required to pay additional taxes and/or fees including an invoice fee. Such fees may not only cover our costs they may also include a profit. You will indemnify us against the loss of any tax benefits arising out of your acts or omissions.

**Insurance.** During the Term you will maintain insurance we specify on the Collateral. If you do not provide us satisfactory proof of insurance we may, but are not required, to buy such insurance for our benefit and add charges which any result in a higher premium you would pay if you obtained insurance, plus an interest charge. At our option, in lieu of obtaining or continuing insurance, we may require you to pay a monthly additional fee up to 2% of the cost of the Collateral. This fee is not calculated with reference to additional risk nor constitutes additional profit for us, but represents the basis on which we are willing to forbear from exercising remedies and continue this EFA without the required insurance. You will receive no insurance coverage and will not be released from any obligation under this EFA. We are not selling insurance. We will cease charging the additional fee or billing for insurance 30 days after you provide satisfactory proof of insurance and compliance with this section.

**Default and Remedies.** If any one of the following occurs, you will be in default: (i) you fail to pay any amount under this EFA when due; (ii) you cease doing business, admit your inability to pay your debts, or you file or have filed against you a petition under the Bankruptcy Code, (iii) you breach any other obligation contained in this EFA, or (iv) any of the above events of default occur with respect to any guarantor. Upon your default, we may do any or all of the following: (a) terminate this EFA; (b) take possession of the Collateral, you irrevocably waive any security required of us in the event we take possession of the Collateral and require you to deliver it to us at your expense to a location designated by us; (c) declare all sums due and to become due hereunder immediately due and payable, all future payments discounted at 3% as calculated by us; (d) sell, dispose of, hold, or lease the Collateral, (e) exercise any other right or remedy which may be available to us under applicable law. You shall reimburse us for all costs we incur in enforcing our rights including our attorney's fees and costs of repossession, repair, storage and remarketing of the Collateral. A waiver of default will not be a waiver of any other subsequent default.

**General.** This EFA shall be governed and construed under the laws of the State of California without reference to its principle of conflicts of laws and is deemed to have been made and performed in Orange County, CA. You submit to the jurisdiction of CA and agree that the CA state courts and/or the United States District Court for the Central District of California, Santa Ana Division, shall have exclusive jurisdiction over any action or proceeding to enforce this EFA or any action or proceeding arising out of this EFA. You waive any objection based on improper venue and/or forum non-conveniens. You irrevocably grant us the right to make such filings under the Uniform Commercial Code as we deem necessary. You agree to pay us interest on all past due amounts at the lower of 1.5% per month or the highest rate allowed by law. You will not assign your rights under this EFA, or permit the Collateral to be used by anyone other than you. We may assign this EFA, in whole or in part, without notice to you or your consent. You agree that our assignee will have the same rights and benefits that we have now, but will not be subject to any claims, defenses or set offs that you may have against us. This EFA sets forth the entire understanding of the parties with respect to its subject and may only be amended in writing signed by both parties. You represent and warrant to us that all information conveyed to us in connection with this EFA and all related documents whether by you, a guarantor, a supplier or any other person, is true, accurate, complete and not misleading. This EFA may be executed in separate counterparts which together shall be the same instrument. You agree this EFA may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law. All fees may not only cover our costs but may include a profit. You may not prepay this EFA without our prior written consent. If Debtor constitutes more than one person, the liability of each shall be joint and several. A copy of this EFA (whether delivered by facsimile, in portable document format (PDF) or otherwise) shall be deemed an original for all purposes. Any notice given hereunder shall be in writing and deemed given two business days after being deposited with the US Postal Service, first class postage prepaid, and addressed to the Debtor at its address set for above or to Creditor at 575 Anton Blvd., 12th Floor, Costa Mesa, CA 92626, or such other address given to the sender by written notice.

**By signing below Debtor hereby irrevocably accepts the Collateral under the EFA and irrevocably authorizes Creditor to pay the supplier on behalf of the Debtor. The person executing this EFA is authorized to do so, making this EFA the valid and binding act of the Debtor.**

| | |
|---|---|
| **Debtor Name:** Dekalb OB/GYN Affiliates L.L.C. | **Accepted By: Balboa Capital Corporation** |
| **By:** [signature] | **By:** Melissa Machado |
| **Print Name and Title:** Shirley Rigaud-Echols Member **Date:** 5/31/18 | **Title: Vice President** **Date:** 5/31/18 |

**GUARANTY:** You (jointly and severally if more than one) unconditionally guarantee to us and our assigns the payment and performance when due of all of the obligations of the Debtor under this EFA and all related documents executed by the Debtor ("Agreement"). We may proceed against you before proceeding against the Debtor, the Collateral or enforce any other remedy. Notwithstanding any changes made to the Agreements in our dealings with Debtor, this Guaranty will remain in effect as changed even if you are not notified of the changes and will remain in effect even if the Agreements are no longer enforceable against the Debtor. You waive all notices to which you may have a right. You agree to pay us all our expenses in enforcing this Guaranty. You may not assign this Guaranty without our written consent. The governing law, jurisdiction and venue provisions of the EFA shall apply to any action to enforce this Guaranty. You consent to our conducting a credit evaluation of you from all sources periodically, updating it and sharing the results with others.

| | |
|---|---|
| **Guarantor's Signature:** [signature] | **Print Name:** Shirley Rigaud-Echols **Date:** 5/31/18 |
| **Guarantor's Signature:** | **Print Name:** **Date:** |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Creditor, Creditor's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below, or the account from which the Debtor paid any deposit or fee in conjunction with the execution of this EFA, or any account from which Debtor paid any obligation under this EFA, or the account from which a cancelled or voided check provided by the Debtor can be drawn, for the payment of all amounts owed by Debtor from time to time under the EFA. This authorization is to remain in effect during the term of this EFA. Any incorrect charge will be corrected upon notification to Creditor, by either a credit or debit to Debtor's account.

| | |
|---|---|
| **Bank Name:** | **Acct Holder Name:** |
| **Account No:** | **ABA No:** |
| **Authorized Signature:** [signature] | **Print Name and Title:** [illegible] |



**CYNOSURE**

5 Carlisle Rd
Westford, MA 01886
Telephone: (978)256-4200
Fax: (978)256-6556

1015972

| | | | | | | | |
|---|---|---|---|---|---|---|---|

INVOICE

| Invoice No | | Invoice Date | | Page |
|---|---|---|---|---|
| 060718 | | 6/7/2018 | | 1 |
| Sales Order No. | Date Shipped | | Bill of Lading | |
| 30002550 | | | | |
| Method of Shipment | | Freight Terms | | |
| DANZ | | | | |

| Sales Agent | Order Date | | Customer Purchase Order No. |
|---|---|---|---|
| Payment Terms | Currency | | Fed ID |
| UPON RECEIPT | | | |

BILL TO  DEKALB OB/GYN AFFILIATES L.L.C.
2675 N DECATUR RD STE 607
Decatur, GA 30033

SHIP TO  DEKALB OB/GYN AFFILIATES L.L.C.
2675 N DECATUR RD STE 607
Decatur, GA 30033

| Item | Product Number / Product Description | Quantity Invoiced / Quantity Backordered | UOM | Unit Price | Net Extension | Tax |
|---|---|---|---|---|---|---|
| 1 | 105-7031-100 MONALISA TOUCH LASER SYSTEM W/ACCESSORIES MADE IN USA **SN: UK7B4006C** | 1 | EA | 144,750.00 | 144,750.00 | |
| | | | | Subtotal | 144,750.00 | |
| | | | | Freight | 750.00 | |
| | | | | Tax | 11,640.00 | |
| | | | | TOTAL | 157,140.00 | |